Fakiris v Gusmar Enters., LLC (2020 NY Slip Op 08040)





Fakiris v Gusmar Enters., LLC


2020 NY Slip Op 08040


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2019-04015
 (Index No. 14652/14)

[*1]Marina Fakiris, etc., appellant, 
v
Gusmar Enterprises, LLC, et al., defendants-respondents, et al., defendant; Ernest Edward Badway, nonparty-respondent.


Gleich, Farkas & Emouna LLP, Great Neck, NY (Lara P. Emouna of counsel), for appellant.
Mastropietro Law Group, PLLC, New York, NY (Eric W. Gentino of counsel), for defendants-respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, and unjust enrichment, and for an accounting, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered February 8, 2019. The order, insofar as appealed from, granted that branch of the motion of the receiver, Ernest Edward Badway, which was to confirm a contract of sale for certain real property located in Long Island City, and denied the cross motion of the plaintiff to grant the receiver additional authority with respect to that contract of sale.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, Marina Fakiris, and her brother, the defendant Kostas Fakiris (hereinafter Kostas), were shareholders in the defendant Gusmar Enterprises, LLC (hereinafter Gusmar). In October 2014, the plaintiff, in her individual capacity and in her capacity as a shareholder in Gusmar, commenced an action against Kostas and Gusmar, among others, seeking certain monetary and equitable relief.
In November 2016, the Supreme Court appointed nonparty Ernest Edward Badway as the receiver of the real property owned by Gusmar, which consisted of two parcels, located in Long Island City and East Marion, respectively. In March 2018, the receiver moved to confirm the contracts of sale to convey the two parcels. The defendants did not oppose the receiver's motion, and the plaintiff did not oppose that branch of the receiver's motion which was to confirm the contract of sale of the East Marion property. The plaintiff cross-moved to grant the receiver additional authority with regard to the contract of sale of the Long Island City parcel. The court granted the receiver's motion and denied the plaintiff's cross motion. The plaintiff appeals from so much of the order as granted that branch of the receiver's motion which was to confirm the contract of sale for the Long Island City property and denied her cross motion.
We agree with the Supreme Court's determination to grant that branch of the [*2]receiver's motion which was to confirm the contract of sale of the Long Island City property. The evidence submitted in support of the motion demonstrated that the receiver retained a real estate broker, advertised the property, received offers, and negotiated and accepted the highest offer, which offer was greater than the appraised value (see Matter of Twin Bay Vil., Inc., 162 AD3d 1265, 1268). In opposition to the receiver's motion, the plaintiff failed to present any arguments that the contract for the sale of the Long Island City property was deficient.
Moreover, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's cross motion (see generally Limited Liability Company Law § 703[a]). The plaintiff failed to offer any evidence that the authority already vested in the receiver was insufficient to carry out his duties.
The plaintiff's remaining contentions, raised for the first time on appeal, are not properly before this Court (see Wells Fargo Bank v Islam, 174 AD3d 670, 671; Colonial Sur. Co. v Advanced Conservation Sys., Inc., 164 AD3d 465, 465).
MASTRO, J.P., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court